Hekbert, J.
The decision in this case hinges entirely on the construction of the provisions of Section 119.12, Revised Code, which were amended following the decision of this court in Corn v. Board of Liquor Control (June 10, 1953), 160 Ohio St., 9, 113 N. E. (2d), 360. That case held that an administrative agency did not have the right to appeal to the Court of Appeals from an adverse judgment rendered by the Court of Common Pleas under Section 154-73, General Code (Section 119.12, Revised Code), as it was then in effect. The statute as so amended, effective October 21, 1953 (125 Ohio Laws, 488), contains the following language:
“* * * The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the party or the agency and shall proceed as in the case of appeals in civil actions as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code. Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record. Such appeals may be taken regardless of the fact that a proceeding was pending prior to the amendment of this section expressly authorizing such appeals, provided such appeals are perfected by the filing of notice of appeal within the time prescribed by Section 2505.07 of the Revised Code.”
Appellant presents the question: “Does an administrative agency have the right to appeal under Section 119.12, Revised *231 Code, from an adverse decision of a lower court on the question of whether an order of the Board of Liquor Control is supported by reliable, probative and substantial evidence?” Counsel contend that the General Assembly intended to remedy the situation following the Corn case. As to this remedy, the problem arises as to whether the General Assembly intended to grant to administrative agencies the blanket right to appeal on questions of both law and fact or whether it intended to limit the appeal to questions of law.
It is too well established to require citation of authority that we look primarily for the intention of the Legislature as it is expressed in the enactment language which it adopted. Where the language itself clearly expresses the legislative intent, the courts need look no further. A first reading of this entire amendment reasonably leads to the conclusion that the General Assembly did not intend to extend to the agency the right to appeal on questions of both law and fact. The contention of appellant, however, that it was the intention of the General Assembly so to do causes us to look beyond the amending language. The legislative history of remedial enactments often sheds light on the legislative purpose. The history of this amendment is particularly illuminating. It shows that the bill originally introduced in the Senate was passed by that body without the following language which was placed in the act by amendment in the House:
‘ ‘ Such appeal by the agency shall be taken on questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency and in such appeal the court may also review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record.”
It is quite apparent that, by its terms as it was first passed by the Senate, this amendment would have given the agency the right to appeal on questions of both law and fact. To adopt appellant’s interpretation would require the conclusion that the additional sentence just quoted above added nothing to the amendment. Upon examination of that sentence as inserted by the House, it is to be noted that the word, “appeal,” *232 is used in tlie singular form. The language used in the version passed by the Senate and sent to the House contains the plural word, “appeals.” Also, the House amendment contains the mandatory word, “shall,” whereas the original Senate version had the permissive word, “may.” It is apparent also that the words, “such appeal,” beginning the sentence in the House amendment relate only to an appeal by the agency and are immediately followed by the mandatory language limiting the appeal to questions of law. It follows that the words, “such appeal,” appearing later in the sentence, can only refer to the same appeal, namely, that by the agency.
To give any effect to the insertion of this sentence, we are compelled to the conclusion that, as finally enacted, this amendment was intended to extend to the agency the right to appeal only on “questions of law relating to the constitutionality, construction or interpretation of statutes and rules and regulations of the agency. ’ ’ But when an appeal is perfected on such a ground, the Court of Appeals has jurisdiction to “review and determine the correctness of the judgment of the Court of Common Pleas that the order of the agency is not supported by any reliable, probative and substantial evidence in the entire record.”
It is not our province to guess what the Legislature intended but rather to ascertain the intent of the language which it did adopt, and we can see no intent in that language other than one to limit an agency appeal to questions of law and then to extend the authority of the reviewing court to pass upon the correctness of the judgment of the trial court when an appeal on questions of law is properly before it.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

ZimmeRman, Stewaet, Bell, Tapt and Matthias, JJ., concur.